# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

DONALD G. LONG JR.,

    Plaintiff,

v.                                                                         No. 2:20-cv-00102-KWR-GBW

MECHELLE E. PICKETT, et al.,

    Defendants.

## MEMORANDUM OPINION AND ORDER OF REMAND

**THIS MATTER** comes before the Court on Plaintiff's Verifird [sic] Petition-Complaint for Removal to U.S. District Court for the District of New Mexico, Doc. 1, filed February 4, 2020 (Notice of Removal), and Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs, Doc. 2 filed February 4, 2020.

Plaintiff seeks to remove a state-court proceeding,[1] which appears to be a child custody proceeding involving Plaintiff's children, to this Court. The statute governing the procedure for removal of civil actions requires that the notice of removal contain "a short and plain statement of the grounds for removal." 28 U.S.C. § 1446(a). Plaintiff states that the grounds for removal are that Defendants violated Plaintiff's constitutional rights.

> The jurisdiction of the federal courts is limited by Article III of the Constitution and by statutes passed by Congress. A case that is filed in state court may be removed from state to federal court at the election of the defendant, but only if it is one "of which the district courts of the United States have original jurisdiction," which is to say if federal subject-matter jurisdiction would exist over the claim. 28 U.S.C. § 1441(a). Under the well-pleaded complaint rule, in order to invoke federal question jurisdiction under 28 U.S.C. § 1331 and thus to be removable on that basis, a federal question must appear on the face of the plaintiff's complaint; that the

---

[1] The Complaint does not identify the state-court proceeding. However, in an ex-parte email to Chambers, Plaintiff indicated the case, No. "# D-307-JQ-2019-10," is presided over by Judge Grace B. Duran, who is a judge in the Third Judicial District, Doña Ana County, State of New Mexico.

defendant possesses a federal defense is not sufficient to invoke federal question jurisdiction. *Felix,* 387 F.3d at 1154. Generally, the plaintiff is the master of his complaint, and if he files in a state court pleading only state-law causes of action, the case is not removable to federal court based on federal question jurisdiction. *Id.* (citing *Caterpillar, Inc. v. Williams,* 482 U.S. 386, 392, 107 S.Ct. 2425, 96 L.Ed.2d 318 (1987)).

*Hansen v. Harper Excavating, Inc.*, 641 F.3d 1216, 1220 (10th Cir. 2011).

It appears that the Court does not have jurisdiction over this matter because Plaintiff has not alleged that a federal question appears on the face of the initial pleading in the state-court proceeding. Nor has Plaintiff filed a copy of all pleadings served on him in the state-court proceeding as required by 28 U.S.C. § 1446(a). The Court will, therefore, remand this action to state court. *See Salzer v. SSM Health Care of Okla. Inc.*, 762 F.3d 1130, 1134 (10th Cir. 2014) ("a federal court must remand a removed action back to state court if at any time before final judgment it appears that the district court lacks subject matter jurisdiction. § 1447(c). The party invoking federal jurisdiction has the burden to establish that it is proper, and there is a presumption against its existence"). Because it is remanding this case to state court, the Court denies Plaintiff's Application to proceed *in forma pauperis* as moot.

**IT IS ORDERED** that:

(i) This case is **REMANDED** to the Third Judicial District Court, Doña Ana County, State of New Mexico.

**(ii)** Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs, Doc. 2 filed February 4, 2020, is **DENIED as moot.**

_____
KEA W. RIGGS
UNITED STATES DISTRICT JUDGE